IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

INNOVAPORT LLC,

                Plaintiff,                OPINION AND ORDER

v.

                                        21-cv-418-wmc

LOWE'S HOME CENTERS, LLC,

                Defendant.

---

Plaintiff Innovaport LLC alleges that defendant Lowe's Home Centers, LLC, infringes four of its patents directed at systems and methods of organizing product information in a database (1) capable of interfacing with users, at least in part wirelessly, and (2) providing product location information, along with other "additional product-related information" (for example, the availability and quantity of product, the fact that the product is on sale and a suggestion for a related product).  Before the court is defendant's motion to dismiss under 35 U.S.C. § 101, arguing that all of the asserted claims are directed to an abstract idea of collecting and providing product information in response to an inquiry and, therefore, are directed to patent-ineligible subject matter.  (Dkt. #13.)  Because all of the asserted claims require providing information other than *just* product location, the court agrees with plaintiff that the patents-in-suit satisfy the requirements of § 101.  As such, the court will deny defendant's motion.

BACKGROUND

In this lawsuit, plaintiff asserts infringement of the following patents:  U.S. Patent Nos. 8,775,260 (the "'260 patent"), 8,787,933 (the "'933 patent"), 9,489,690 (the "'690

patent") and 9,990,670 (the "'670 patent"). More specifically, plaintiff alleges that Lowe's Mobile Phone Application and Website infringe these four patents.

The asserted patents all stem from different continuations of Patent Application No. 12/924,740, and have similar specifications.[1] Referring to the '260 patent, the patents purport to "provid[e] product location information within a store" and describe various advantages over the prior art including, "ha[ving] systems within the stores for product location information," "employ[ing] a system with user interfaces that are conveniently accessibly by customers from a number of locations within a given stores," making "use of modern electronic interface technologies," and "interconnect[ing]" such a system "with existing . . . computerized or other information systems within stores." ('260 patent (dkt. #10-1) 2:57-3:11.)

In moving to dismiss the asserted patents on § 101 grounds, defendant points to claim 15 of the '260 patent as representative of the asserted claims. While plaintiff disputes that it is representative, the claim contains substantially similar elements to those other patents that plaintiff asserts are infringed as discussed below, including most critically, requiring the "additional product-related information" elements. Specifically, claim 15 of the '260 patent provides as follows:

> 15. A method of providing product location information within a first store, the method comprising:
> providing a hub that is at least indirectly in communication with each of a plurality of user interfaces, and that is capable of accessing at least one database, the at least one database including both product location information and additional product-related

---

[1] In its opposition, plaintiff refers to it as provision application no. 60/158,444, which was filed on October 9, 1999.

>>information,
>>wherein the additional product-related information includes: information concerning a quantity of a first product within the store; information concerning a price of the product; information concerning an availability or unavailability of the product within the store; and information linking the product with another product in a cross-referential manner;
>>periodically engaging in the communication with each of the user interfaces, wherein the engaging in the communication includes:
>>receiving inquiry signals from the user interfaces;
>>querying the database to obtain portions of the product location information in response to the inquiry signals; and
>>providing information signals in response to the inquiry signals for receipt by the user interfaces, wherein the information signals include portions of both the product location information and the additional product-related information, whereby the user interfaces are able to provide output signals based upon the information signals;
>>wherein at least some of the communication is wireless communication.

('260 patent (dkt. #10-1) 18:32-61.)

Defendant maintains that this method claim can be "broken down into three main steps: (1) receiving an inquiry from users, (2) querying the database in response to the inquiry, and (3) providing product information responsive to the inquiry." (Def.'s Opening Br. (dkt. #14) 7.) Defendant further points out that the specification explains the claimed methods can be practiced using conventional computer components. (*Id.* at 8 (citing '260 patent specification).) In opposition, plaintiff argues the actual language in claim 15 of the '260 patent is more specific, complex and inventive than defendant acknowledges, as well as more varied among the claims in the other three patents than simply responding to a user's inquiry.

OPINION

Title 35 U.S.C. § 101 provides that a patent may be obtained for "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." "The Supreme Court has long held that this provision contains an important explicit exception: Laws of nature, natural phenomena, and abstract ideas are not patentable." *Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1347 (Fed. Cir. 2016). Because patentability is a threshold legal issue, *see Bilski v. Kappos*, 561 U.S. 593, 602 (2010), it may be taken up on the pleadings, *Uniloc USA, Inc. v. LG Elecs. USA, Inc.*, 957 F.3d 1303, 1306 (Fed. Cir. 2020). However, the court can only resolve the issue on a 12(b)(6) motion "when there are no factual allegations that, taken as true, prevent resolving the eligibility as a matter of law." *Id.* (internal citation omitted) *Id.*

Defendant contends that plaintiff's patents-in-suit are ineligible because the claims concern abstract ideas. *See Bilski*, 561 U.S. at 653 ("abstract intellectual concepts are not patentable, as they are the basic tools of scientific and technological work"). In *Alice Corporation Pty. Ltd. v. CLS Bank International*, 573 U.S. 208 (2014), the Supreme Court set forth a two-part, updated test to evaluate a § 101 challenge. First, the court must determine "whether the claims at issue are directed to a patent-ineligible concept." *Id.* at 217. If the court determines at step one that the claims *are* directed at a patent-ineligible concept (for example, an abstract idea), then the court "examine[s] the elements of the claim to determine whether it contains an '"inventive concept"' sufficient to 'transform' the claimed abstract idea into a patent-eligible application." *Id.* at 221 (quoting *Mayo*

4

*Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. ——, 132 S. Ct. 1289, 1298 (2012)). The *Alice* Court further explained that to satisfy this component, "[a] claim that recites an abstract idea must include 'additional features' to ensure 'that the [claim] is more than a drafting effort designed to monopolize the [abstract idea].'" *Id.* (quoting *Mayo*, 132 S. Ct. at 1297).

With respect to step one, defendant argues that all four patents-in-suit are directed at an abstract idea because "they claim nothing more than the 'longstanding,' 'routine,' and 'conventional' concept of retrieving and providing information." (Def.'s Opening Br. (dkt. #14) 12 (quoting *Alice*, 134 S. Ct. at 2356-59; *Bilski*, 561 U.S. at 611).) In so arguing, defendant principally points to two Federal Circuit cases in support, where the court concluded that asserted claims were ineligible under § 101. In *West View Research, LLC v. Audi AG*, 685 F. Appx. 923 (Fed. Cir. 2017), the court determined a patent claim to a "[c]omputer readable apparatus" that can "receive input from a user via . . . function keys," "forward the input to a remote networked server for determination of . . . [the] context associated" with the user's input and "selection of advertising content," and "present the received content" to the user *was* directed at an abstract idea of receiving data queries, analyzing the query, retrieving information in response and generating a response. *Id.* at 926. Similarly, in *Electric Power Group, LLC v. Alstom S.A.*, 830 F.3d 1350 (Fed. Cir. 2016), the court considered claims "for performing real-time performance monitoring of an electric power grid by collecting data from multiple data sources, analyzing the data, and displaying the results." *Id.* at 1351. The Federal Circuit concluded that these claims were also directed to an abstract idea of "gathering and analyzing information of a specified content,

5

then displaying the results, and not any particular assertedly inventive technology for performing these functions." *Id.* at 1354.

Relying on these cases, defendant then persuasively characterizes the asserted, representative claim in each of the patents-in-suit to be directed at an abstract idea. As plaintiff points out, however, defendant's description of the asserted claims arguably "overgeneralize" in a way that the Federal Circuit has cautioned against. *TecSec, Inc. v. Adobe*, 978 F.3d 1278, 1292-93 (Fed. Cir. 2020). Stated another way, defendant's argument fails to confront, much less even really acknowledge, the element in all of the asserted, representative claims requiring some, "additional information," except as requiring a simple response to a user query seeking information about product location.

Even assuming that the patents are directed at an abstract idea, and thus, satisfy step one of the *Alice* test for ineligibility, defendant's argument still fails at step two. The asserted claims' requirement that the system's response also provide additional information (e.g., information about related products or the fact that the product is on sale) is at least facially the very type of "inventive concept sufficient to transform the claimed abstract idea into a patent eligible application." *Alice*, 134 S. Ct. at 2537 (internal quotation marks omitted); *see also Ancora Techs., Inc., v. HTC America, Inc.*, 908 F.3d 1343, 1348 (Fed. Cir. 2018) (holding "non-abstract computer-functionality improvement" patent eligible if "done by a specific technique that departs from earlier approaches to solve a specific computer problem"); *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 715 (Fed. Cir. 2014) (explaining that to satisfy § 101, the asserted patents "must include additional features" that "must be more than well-understood, routine, conventional activity"). Whether this

"inventive concept" is obvious or disclosed in prior art remains to be determined, but the court must reject defendant's § 101 challenge. Accordingly, the court will deny its motion to dismiss.

ORDER

IT IS ORDERED that defendant Lowe's Home Centers, LLC's motion to dismiss (dkt. #13) is DENIED.

Entered this 11th day of April, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge